IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| LEROY ALFONSO JOSEPH, | § | |
| | § | |
| *Plaintiff,* | § | SA-25-CV-01180-JKP |
| | § | |
| vs. | § | |
| | § | |
| DISTRICT ATTORNEY JOE GONZALES, D.A. LESLIE KELSEY, DISTRICT ATTORNEY CASSANDRA ROSALES, JUDGE KEVIN O'CONNELL, DISTRICT JUDGE MELISSA SKINNER, DISTRICT JUDGE JOEL PEREZ, CHIEF OF POLICE WILLIAM MCMANUS, SEX OFFENDER REGISTER OFFICER DAVID BIERMAN, CHIEF SHERIFF JAVIER SALAZAR, PROBATION OFFICER HERBERT CROMWELL, | § § § § § § § § § § | |
| *Defendants.* | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable United States District Judge Jason K. Pulliam:**

Before the Court in the above-styled cause of action is Plaintiff's *pro se* Application to Proceed in District Court without Prepaying Fees or Costs and Complaint [#1], which was automatically referred to the undersigned upon filing for disposition and a review of the pleadings pursuant to 28 U.S.C. § 1915(e). By his motion, Plaintiff seeks leave to proceed *in forma pauperis* ("IFP") based on his inability to afford court fees and costs associated with this case. The undersigned has authority to enter this report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). Having considered the motions and documentation provided by Plaintiff, the undersigned will recommend Plaintiff's motion to proceed IFP be granted but that his Complaint be dismissed pursuant to 28 U.S.C. §1915(e).

1

## I. Analysis

A.  **Plaintiff's motion to proceed IFP should be granted.**

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for a writ of habeas corpus, must pay a filing fee of $350, as well as an administrative fee.[1]  *See* 28 U.S.C. § 1914(a).  Plaintiff's motion to proceed IFP includes his income and asset information, which indicates that Plaintiff does not have sufficient monthly resources available to pay the filing fee.  The undersigned will therefore recommend that Plaintiff's motion to proceed IFP be granted.

B.  **Plaintiff's Complaint should be dismissed.**

Pursuant to 28 U.S.C. § 1915(e), this Court may screen any civil complaint filed by a party proceeding IFP to determine whether the claims presented are (1) frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915(e)(2)(B).

Plaintiff's proposed Complaint names ten Defendants: District Attorneys Joe Gonzalez, Leslie Kelsey, and Cassandra Rosales; Bexar County District Judges Kevin O'Connell, Melissa Skinner, and Joel Perez; Police Chief William McManus; Sheriff Javier Salazar; and Probation Officer Herbert Cromwell.  Construing the facts alleged in Plaintiff's proposed Complaint liberally, it appears Plaintiff is alleging that his due process rights were violated in state criminal proceedings through the filing of false charges, fabrication of evidence, and coercion by state and local officers to accept a guilty plea.  Plaintiff also appears to allege that his conviction is barred

---

[1] The administrative fee, which is currently $55, is waived for plaintiffs who are granted IFP status.  *See District Court Miscellaneous Fee Schedule,* available at http://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule.

by the Double Jeopardy and Ex Post Facto Clauses of the Constitution. Plaintiff seeks $1 billion in punitive damages and $3 million in other damages for his injuries.

The Court construes Plaintiff's proposed suit as a civil rights action arising under 42 U.S.C. § 1983 seeking damages for alleged violations of due process in criminal proceedings that resulted in a conviction and sentence in state court. Plaintiff's lawsuit is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). To recover monetary compensation for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid," a prisoner must show that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 486–87.

Plaintiff's due process claims fall within the parameters of *Heck*. A favorable judgment on these claims would call into question the validity of the criminal proceedings. Plaintiff has not alleged that his state conviction has been reversed on direct appeal, expunged by executive order, declared invalid by a state or federal tribunal, or called into question by a federal court's issuance of a writ of habeas corpus. *See id.* Accordingly, the District Court should dismiss his proposed Complaint as legally frivolous pursuant to 28 U.S.C. § 1915(e).

## II.  Order and Recommendation

Having considered Plaintiff's Complaint under the standards set forth in 28 U.S.C. §1915(e), the undersigned recommends that Plaintiff's *pro se* Application to Proceed in District Court without Prepaying Fees or Costs [#1] be **GRANTED** but Plaintiff's Complaint be **DISMISSED** pursuant to Section 1915(e).

### III.  Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested.  Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The party shall file the objections with the clerk of the court, and serve the objections on all other parties.  A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections.  A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court.  *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985); *Acuña v. Brown & Root, Inc.,* 200 F.3d 335, 340 (5th Cir. 2000).  Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

SIGNED this 17th day of October, 2025.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE